UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD DREYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-1267-JES-JEH |
| ) | |
| OFFICER HERNANDEZ, SGT. CHAD ) | |
| WAMSLEY, SGT. RAYCRAFT, and CHIEF ) | |
| OF POLICE BRENDAN HEFFNER, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

Now before the Court is Defendants' Motion (Doc. 3) to Dismiss Counts II–IV and Memorandum in Support (Doc. 4). Plaintiff has filed a Response (Doc. 9), to which Defendants have filed a Reply (Doc. 13). For the reasons set forth below, Defendants' Motion (Doc. 3) to Dismiss is GRANTED with respect to Counts II and III of Plaintiff's Complaint and DENIED with respect to Count IV.

### BACKGROUND

The following facts are derived from Plaintiff's Complaint. Doc. 1. Plaintiff Ronald Dreyer is a resident of Bloomington, Illinois. Defendants—Officer Hernandez, Sgts. Wamsley and Raycraft, and Chief of Police Brendan Heffner—were at all relevant times employed by the Bloomington Police Department. On May 30, 2018, Officer Hernandez executed a traffic stop on Plaintiff's vehicle for the stated reason that the stop was based upon an outstanding warrant for an alias of Plaintiff, Marco Gonzalez. Plaintiff alleges Marco Gonzalez was never an alias of Plaintiff and Plaintiff did not have any outstanding warrants. *Id*.

On at least two occasions prior to May 30, 2018, unidentified officers of the Bloomington Police Department harassed Plaintiff with allegations there was a warrant outstanding for his arrest under the alias of Marco Gonzalez. Neither the May 30 incident nor the prior incidents resulted in Plaintiff's arrest because he had no outstanding arrest warrants. Also prior to May 30, 2018, the Chief of Police for the City of Bloomington Police Department was asked to stop his officers from harassing Plaintiff based on the two incidents in which officers alleged Marco Gonzalez was an alias of Plaintiff's. Plaintiff alleges in Count I that the conduct by Officer Hernandez was unreasonable, unnecessary, and done without probable cause, in violation of 42 U.S.C. § 1983. *Id.* at 1-2.

Counts II and III of Plaintiff's Complaint incorporate the allegations set forth in Count I and further allege that Sgt. Wamsley (Count II) and Sgt. Raycraft (Count III), Officer Hernandez's direct supervisors, willfully failed to instruct Hernandez that Marco Gonzalez was not an alias of Plaintiff. *Id.* at 3.

Count IV of Plaintiff's Complaint incorporates the allegations set forth above and further alleges that Chief of Police Heffner, with knowledge Marco Gonzalez was not an alias of Plaintiff, failed to take any action to prevent the officers under his control, including Officer Hernandez, from making unlawful stops of Plaintiff based upon the Marco Gonzalez arrest warrant. *Id.* at 4. Finally, Plaintiff alleges he suffered extreme and excruciating physical and mental pain and suffering as a direct and proximate result of Defendants' conduct.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible

inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

In their Motion to Dismiss, Defendants argue that while Plaintiff's Complaint alleges Defendants Wamsley, Raycraft, and Heffner failed to instruct the officers under their supervision that Marco Gonzales was not an alias of Plaintiff, Plaintiff fails to plead any facts showing Defendants through their own actions violated Plaintiff's constitutional rights. Doc. 4, at 4. Because "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior[,]"*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), Defendants argue Counts II-IV of Plaintiff's Complaint should be dismissed. *Id*. at 5.

In his Response, Plaintiff acknowledges supervisor liability under § 1983 may be found only when the supervisor is personally involved in the conduct constituting a violation of the individual's constitutional rights. Doc. 9, at 1; *Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988) ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference."). Plaintiff then notes his Complaint alleges that (unnamed) Bloomington police officers harassed Plaintiff on two prior occasions, the

Chief of Police was asked (by whom it is unclear) to stop his officers from harassing Plaintiff, and the supervisor Defendants "willfully failed to instruct the officers under their supervision that Marco Gonzales was not an alias of Plaintiff." *Id*. at 2.

In their Reply, Defendants argue that, although he articulates the correct legal standard, Plaintiff fails to adequately allege Defendants Wamsley, Raycraft, and Heffner facilitated, approved, condoned, or turned a blind eye to any conduct by Officer Hernandez which led to a constitutional violation. Doc. 13, at 2. Defendants further argue Plaintiff fails to allege the supervisor Defendants had any knowledge of Plaintiff's past issues with being stopped for the alias warrant or the alleged improper connection between Plaintiff and the alias.

With respect to Defendants Wamsley and Raycraft, Plaintiff has failed to allege in his Complaint any facts indicating these Defendants had personal knowledge that Marco Gonzales was not an alias of Plaintiff. *Jones*, 856 F.2d at 922–23. Plaintiff's conclusory allegation that these Defendants "willfully failed to instruct" is not enough; Plaintiff must allege *facts* indicating Defendants had knowledge of Plaintiff's past issues with being stopped for the alias warrant or the alleged improper connection between Plaintiff and the alias. *See Iqbal*, 556 U.S. at 678 (complaint "may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action"). However, with respect to Defendant Heffner, Plaintiff alleges that someone informed Police Chief Heffner prior to May 30, 2018 about the two prior occasions where Plaintiff was improperly stopped for the Marco Gonzales warrant. Doc. 1, at 2. The Court believes those allegations are sufficient to state a cognizable § 1983 claim for supervisory liability.

Accordingly, Defendants' Motion to Dismiss is granted with respect to Counts II and III of Plaintiff's Complaint and denied with respect to Count IV. Although it is conceivable that

4

Plaintiff could cure the deficiencies identified above by amending his pleading, he does not make any request for leave to do so in his Response. Thus, if Plaintiff wishes to amend his Complaint, he must file a motion within 21 days of this Order requesting leave of court to amend, attaching the proposed amended complaint as an exhibit thereto. *See* CDIL-LR 7.1(F).

## CONCLUSION

For the reasons set forth above, Defendants' Motion (Doc. 3) to Dismiss is GRANTED with respect to Counts II and III of Plaintiff's Complaint and DENIED with respect to Count IV.

Signed on this 14th day of February, 2020.

s/ James E. Shadid
James E. Shadid
United States District Judge